UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWNA GAIL BARTELL, ) | |
| ) | CASE NO. C12-0839-JCC-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner ) | RE: SOCIAL SECURITY |
| of Social Security, ) | DISABILITY APPEAL |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Shawna Gail Bartell proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REMANDED for further administrative proceedings.

/ / /

/ / /

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1971.[1]  She did not complete high school, but received her GED in 1988.  (AR 71.)

Plaintiff filed an application for DIB and SSI on April 25, 2006, alleging a disability onset date of June 30, 2005.  (AR 89-90, 434-37.)  The application was denied, initially and on reconsideration.  (AR 53-54, 56-59.)  Plaintiff timely requested a hearing.  (AR 52.)

On November 4, 2008, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff and a vocational expert.  (*See* AR 24.[2])  On December 1, 2008, the ALJ issued a decision finding Plaintiff not disabled.  (AR 21-38.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on July 31, 2009 (AR 5-8), and Plaintiff appealed this final decision of the Commissioner to this Court.

In his Report and Recommendation, U.S. Magistrate Judge James P. Donohue recommended reversing and remanding for reconsideration of three medical opinions.  (AR 528-545.)  District Judge Richard A. Jones adopted the Report and Recommendation, and ordered reversal and remand of the case on May 25, 2010.  (AR 523-34.)  The Appeals Council ordered that the remanded claims be associated with Plaintiff's subsequent applications.  (AR 521-22.)  The ALJ held a second administrative hearing on February 7, 2011 (AR 789-823), and again found Plaintiff not disabled on March 4, 2011.  The Appeals Council denied review (AR 479-82), and this appeal followed.

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] The record does not contain a transcript of this administrative hearing.  *See* Dkt. 19 at 3 n.1.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

Plaintiff presents three assignments of error: (1) The ALJ erred in failing to properly reconsider the medical opinions regarding the severity of Plaintiff's mental impairments as ordered in the prior remand, and also failed to provide legally sufficient reasons for rejecting some of the new medical opinions; (2) The ALJ erred in discounting the credibility of Plaintiff's testimony regarding her right-shoulder impairment; and (3) The ALJ erred at step five by failing to include all limitations in the hypothetical posed to the vocational expert. Dkt. 19 at 1. The Commissioner argues that the ALJ complied with the remand order and did not err in assessing the medical evidence, that any challenge to the ALJ's credibility finding should be rejected under the law of the case, and that the ALJ did not error in his RFC assessment or step-five findings. Dkt. 20 at 1. The Court will consider each issue in turn.

<u>Medical Opinions at Issue in the Remand Order</u>

In the remand order, the Court ordered the ALJ to reconsider the step-three findings regarding whether Plaintiff's impairments are equivalent to Listings 12.04 and 1206, in light of the opinions of Anselm Parlatore, M.D.; Michelle Gibson, ARNP; and Karen LaHatt, LMHC. (AR 540-45.) The ALJ previously rejected the opinions of these providers on the basis that they had failed to provide supportive objective evidence, but the Court found that this finding was not supported by the record. (AR 540.) The Court remanded with instructions to, *inter alia*, "reconsider the medi[c]al opinions of Dr. Parlatore, Nurse Gibson

and Ms. LaHatt, in light of the objective evidence that supports the opinions generally, and specifically whether the plaintiff's impairments are equivalent to a 12.04 and 12.06 Listing." (AR 545.)

<u>Dr. Parlatore</u>

By the time that the case had been returned to the ALJ on remand, Dr. Parlatore had had evaluated Plaintiff again and provided another opinion regarding Plaintiff's abilities, in addition to the opinions at issue in the first decision and on remand. (AR 613-16.) The ALJ purported to give "great weight" to Dr. Parlatore's August 2009 opinions, wherein he found Plaintiff to be "moderately to markedly impaired in her ability to deal with stress, focus, concentration, pace and persistence." (AR 509 (referring to AR 616).) The ALJ also noted that Dr. Parlatore found that Plaintiff's "ability to perform tasks in a timely and consistent manner is affected." (*Id.*) Though the ALJ contended that his RFC assessment accounted for the limitations identified by Dr. Parlatore in August 2009, Plaintiff disputes that. According to Plaintiff, the ALJ's RFC assessment does not fully account for Dr. Parlatore's opinions because the ALJ found Plaintiff had "average abilities" (as opposed to "moderate to marked impairment") as to concentration, persistence or pace, and the ability to "deal with changes" in the workplace. (AR 507.)

The Commissioner rightly points out that at step three, the ALJ found Plaintiff to have moderate limitations in the "concentration, persistence, and pace" category of the Paragraph B criteria[3] (Dkt. 20 at 5-6), but this argument does not address the concern regarding the RFC

---

[3] The ALJ's finding of "moderate" impairment in this category is arguably consistent with Dr. Parlatore's imprecise "moderate to marked" finding for purposes of the Paragraph B criteria at issue at step three, but any consistency at step three does not eliminate the discrepancy in the RFC assessment. *See* Social

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

assessment.  In assessing Plaintiff's RFC, the ALJ noted Dr. Parlatore's 2009 opinions regarding "moderate to marked" limitations, and claimed that the RFC assessment was consistent with those limitations, but does not explain how a finding that Plaintiff has average abilities in particular categories is consistent with moderate to marked limitations in those categories.  The ALJ's failure to explain why he failed to include all of the limitations referenced in Dr. Parlatore's 2009 opinions, to which the ALJ purported to afford great weight, is error.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (holding that an ALJ is required to consider all the limitations imposed by claimant's impairments).

The ALJ also erred with respect to Dr. Parlatore's 2005 opinions.  The Court instructed the ALJ on remand to reconsider Dr. Parlatore's 2005 and 2008 opinions, and in his second written decision, the ALJ gave Dr. Parlatore's 2005 opinions "some weight":  "Dr. Parlatore assessed the claimant's global illness as moderate, but found more severe limitations in her ability to tolerate workplace stress than is supported by the medical evidence ([AR 172-75])."[4]  (AR 510.)  The ALJ did not describe the allegedly contradictory medical evidence regarding Plaintiff's ability to tolerate stress, either at this point in the decision or at any other point in the decision.  The ALJ's only discussion of medical evidence regarding Plaintiff's ability to handle stress addresses Dr. Parlatore's 2009 opinion that Plaintiff is "moderately to

---

Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4 (Jul. 2, 1996) (discussing the distinction between the Paragraph B criteria and the RFC assessment).

[4] This quote makes clear that the ALJ did not, as contended by the Commissioner (Dkt. 20 at 7), reject Dr. Parlatore's 2005 opinions for lack of medical support, but due to an unspecified contradiction in the medical evidence.  The ALJ's wording suggests that the medical evidence supports *some* limitation in Plaintiff's ability to tolerate stress, but not as severe a limitation as found by Dr. Parlatore.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01 markedly impaired in her ability to deal with stress . . . ." (AR 509.) Because the ALJ did not
02 address which medical evidence contradicts Dr. Parlatore's 2005 opinions, he failed to
03 provide sufficient reasons to discount those opinions. *See Reddick v. Chater*, 157 F.3d 715,
04 725 (9th Cir. 1998) (providing that an ALJ may discount a contradicted medical opinion by
05 "setting out a detailed and thorough summary of the facts and conflicting clinical evidence,
06 stating his interpretation thereof, and making findings").

07 With regard to Dr. Parlatore's 2008 interrogatory answers, the ALJ assigned them
08 "little weight" because "the record does not support these findings, and they are based on his
09 three-year-old DSHS evaluation, not a direct examination at the time the interrogatories were
10 completed." (AR 510.) Again, the ALJ failed to identify which evidence contradicts which
11 opinions, and it is unclear how the timing of the interrogatory answers would necessarily
12 suggest that Dr. Parlatore's 2008 opinions were less valid. While the Commissioner provides
13 additional reasons why Dr. Parlatore's 2008 opinions could have been discounted, arguing
14 that the 2008 opinions could have been discounted as "'brief, conclusory, and inadequately
15 supported by medical findings'" (Dkt. 20 at 8 (quoting *Bayliss v. Barnhart*, 427 F.3d at
16 1216)), he does not attempt to show that the reasons actually provided by the ALJ are
17 sufficient.

18 Furthermore, the ALJ did not discuss Dr. Parlatore's 2005 or 2008 opinions at step
19 three, as instructed in the remand order. The ALJ referenced those opinions only in the
20 section addressing Plaintiff's RFC, but not for purposes of determining whether Plaintiff's
21 impairments are equivalent to a Listed impairment. (AR 540-41.) For all of these reasons,
22 the ALJ erred with respect to Dr. Parlatore.

Nurse Gibson

The ALJ was instructed on remand to reconsider a March 2008 evaluation (AR 341-44) completed by Nurse Gibson and interrogatory answers (AR 397-403) she later completed in October 2008, for purposes of determining whether Plaintiff's impairments are equivalent to a Listed impairment. (AR 540-41.)

Since the time of the first written decision, Nurse Gibson continued to treat Plaintiff and completed an August 2009 DSHS evaluation (AR 669-74) and a July 2010 psychiatric evaluation (AR 694-98). In the second written decision, the ALJ briefly mentions at step two that Nurse Gibson diagnosed Plaintiff with PTSD in the March 2008 evaluation, but the ALJ does not address any of Nurse Gibson's opinions at step three. In the RFC assessment, the ALJ mentions Nurse Gibson's 2010 opinions and finds that "Overall, Ms. Gibson did not find functional limitations that are inconsistent with the residual functional capacity stated above." (AR 509-10.)

The ALJ erred with respect to Nurse Gibson's 2008 opinions for the same reasons applicable to Dr. Parlatore. First, the ALJ did not comply with the Court's instructions on remand to reconsider Nurse Gibson's opinions for purposes of determining whether she met a Listed impairment. Second, the ALJ further erred when finding that Nurse Gibson's opinions are not inconsistent with his RFC assessment: Nurse Gibson opined repeatedly that Plaintiff had marked social limitations. *See, e.g.*, AR 672 (indicating marked limitations in Plaintiff's ability to relate appropriately to co-workers and supervisors, respond appropriately to and tolerate work pressures and expectations, ability to care for herself, and ability to maintain appropriate work behavior). The ALJ failed to address those specific opinions or explain why

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

he apparently rejected them when assessing Plaintiff's RFC, and instead erroneously characterized Nurse Gibson's opinions as consistent with his RFC assessment. Accordingly, the ALJ erred with respect to Nurse Gibson.

Ms. LaHatt

The ALJ was instructed on remand to reconsider the opinions of Ms. LaHatt when determining whether Plaintiff's impairments are equivalent to a Listed impairment. (AR 545.) The ALJ did not discuss Ms. LaHatt's opinions (AR 248-54) in his step-three findings, but did explain in the RFC assessment section of the second decision that he gave Ms. LaHatt's opinions "little weight" because they are inconsistent with "the medical record" and "not consistent with her own treatment notes, which show that the claimant's condition remained steady under treatment, which was characterized by frequent cancellations and no-shows." (AR 511 (citing AR 238-47, 338-81).)

For the same reasons explained above, the ALJ's general reference to inconsistency with the medical record — absent any discussion of conflicting observations from other providers — is not a sufficiently specific reason to discount Ms. LaHatt's opinions. In addition, though it is true that Plaintiff often cancelled or failed to attend her treatment appointments with Ms. LaHatt, Ms. LaHatt's treatment notes do not support the ALJ's finding that Plaintiff's condition "remained steady under treatment." Ms. LaHatt noted on multiple occasions that Plaintiff's mental-health symptoms had intensified due to various stressors and losses in her life and family. (AR 246, 348, 351.) Particularly due to the repeated cancellations and/or failures to keep appointments, it is not entirely clear how Plaintiff's condition with treatment could be characterized as "steady." Accordingly, the Court finds

that the ALJ erred in failing to comply with the remand order's directive to address Ms. LaHatt's opinions at step three, and in failing to provide legally sufficient reasons for discounting her opinions related to Plaintiff's RFC.

Other Medical Opinions

Plaintiff also assigns error to the ALJ's assessment of the opinions of Kevin Zvilna, Ph.D., who completed DSHS psychological evaluations of Plaintiff in 2010 and 2011. (AR 484-89, 675-82.) The ALJ provided two reasons for assigning "no weight" to Dr. Zvilna's opinions: (1) Dr. Zvilna was an examining provider and did not have a treating relationship with Plaintiff, and (2) Dr. Zvilna's opinions are inconsistent with Nurse Gibson's records showing that Plaintiff's condition was stable and not disabling. (AR 511.)

As explained in the previous section, the ALJ mischaracterized Nurse Gibson's opinions and did not explain why he rejected her opinions regarding Plaintiff's marked social limitations. Furthermore, examining providers are competent to provide medical opinions; treating providers are not the only acceptable medical sources. *See* SSR 06-03p, 2006 WL 2329939, at *1 (Aug. 9, 2006). Accordingly, neither of the ALJ's reasons for rejecting Dr. Zvilna's opinions are specific or legitimate.

Plaintiff also assigns error to the ALJ's reliance on State agency medical consultant Leslie Postovoit's opinions (AR 641) when assessing Plaintiff's RFC, and this argument converges with the arguments made in the previous section, because the ALJ's assessment of Dr. Postovoit's opinions was tainted by his erroneous assessment of the opinions of Dr. Parlatore, Nurse Gibson, and Ms. LaHatt, whose opinions he incorrectly averred were consistent with Dr. Postovoit's opinions. Thus, the ALJ's errors with regard to those

providers contributed to an erroneous reliance on Dr. Postovoit's opinions, without explanation of the discrepancies between the opinions.

In light of all of these errors resulting from the ALJ's failure to explain his reasoning regarding the medical evidence, the Court recommends that this matter be remanded for further proceedings to allow the ALJ to reconsider the medical opinions identified here, and to reconsider the findings at steps three, four, and five of the sequential process in light of the reevaluated medical opinions. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Plaintiff's Credibility

In the second decision, the ALJ found that Plaintiff's right shoulder strain was a severe impairment, but that Plaintiff was nonetheless capable of performing light work despite the impairment. (AR 508.) Plaintiff alleges that the ALJ erred in finding the shoulder strain to be a severe impairment but then going on to state that "objective evidence does not establish the presence of a disabling shoulder injury," and failing to provide clear and convincing reasons to discredit her testimony regarding her difficulty lifting overhead and carrying more than five pounds.

The Commissioner does not directly address Plaintiff's argument, instead construing Plaintiff's allegation of error to be barred under the law of the case, given that in the previous remand order the Court affirmed the ALJ's adverse credibility determination in the first decision. Dkt. 20 at 13-15. The Commissioner overlooks that Plaintiff does not attempt to reopen the question of whether the ALJ's credibility determination *in the first opinion* was erroneous, but instead focuses on whether the Plaintiff's subjective complaints about a new impairment were properly discounted in the second decision. While the Court agrees that the

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -10

Plaintiff is barred from relitigating the first credibility determination that was affirmed in the remand order, the issue now complained of was not addressed in the first decision or the remand order. Accordingly, the "law of the case" doctrine does not apply here.

The Court does, however, reject Plaintiff's argument on credibility. Even if the ALJ erroneously rejected Plaintiff's testimony regarding limitations caused by her shoulder strain for lack of supporting objective medical evidence, the ALJ went on to provide a clear and convincing reason to discount Plaintiff's testimony regarding her limitations due to shoulder strain: Plaintiff's "lack of compliance with recommended treatment and inconsistent engagement with therapy suggests that her physical impairments are not as severe as she claims." (AR 509.) The ALJ described how Plaintiff enrolled in physical therapy for her shoulder pain, but only completed two sessions before canceling or not showing for her next four appointments and she was subsequently discharged due to lack of compliance. (AR 509 (citing AR 725-26).) The ALJ reasonably interpreted this conduct as undermining Plaintiff's credibility regarding her physical complaints, and therefore provided a valid reason to discount her subjective pain testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that failure to seek treatment undermines a claimant's pain testimony). The ALJ's adverse credibility determination regarding Plaintiff's shoulder impairment should not be disturbed.

## **CONCLUSION**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). On remand, the ALJ shall: (1) reconsider and explicitly discuss all of the

opinions of Dr. Parlatore, Nurse Gibson, and Ms. LaHatt, explaining the weight to be assigned to those opinions for purposes of step-three findings and the RFC assessment; (2) reconsider Dr. Zvilna's opinions; (3) reevaluate Dr. Postovoit's opinions in light of the reevaluated opinions of Drs. Parlatore and Zvilna, Nurse Gibson, and Ms. LaHatt; and (4) reevaluate steps four and five of the sequential evaluation process in light of the updated step-three findings and RFC assessment.

DATED this 21st day of December, 2012.

Mary Alice Theiler
United States Magistrate Judge